Case 4:22-cv-04500 Document 1-3 Filed on 12/29/22 in TXSD Page 1 of 7

**EXHIBIT 1-2**

11/8/2022 9:55 AM
Teneshia Hudspeth
County Clerk
Harris County

Harris County - County Civil Court at Law No. 2

CAUSE NO. 1194547

| | | |
|---|---|---|
| RYAN ALEXANDER, | § § | IN THE CIVIL COURT OF |
| Plaintiff, | § § | |
| V. | § § | HARRIS COUNTY, TEXAS |
| UNITED HEALTHCARE | § § | |
| Defendant. | § | COURT AT LAW NO. ____ |

## ORIGINAL PETITION

Plaintiff files his Original Petition against defendant, and would respectfully show unto the court as follows:

### I. Discovery Level, Rule 47, and Rule 169 Statement

1.1. Discovery shall be conducted pursuant to Level 1. This is an expedited action pursuant to Rule 169. Plaintiff seeks monetary relief of $250,000 or less, excluding interest, statutory or punitive damages and penalties, and attorney fees and costs.

### II. Parties, Jurisdiction, and Venue

2.1. Plaintiff Ryan Alexander ("Alexander") is an individual residing in Harris County, Texas. He has appeared through counsel.

2.2. Defendant United Healthcare Insurance Company, Inc. ("UHC") is a foreign for-profit corporation doing business in Texas. It may be served with citation through its agent for service of process, CT Corporation System, at 350 N. St. Paul St., Dallas, TX 75201.

2.3. This Court has *in personam* jurisdiction over UHC as it does business in the state of Texas. The damages sought are within the minimum limits. Venue is proper in Harris County pursuant to Tex. Civ. Prac. & Rem. Code § 15.002(a) since all or a substantial part of the events or omissions giving rise to the claim occurred here.

### III. Facts

3.1. In 2019, Alexander's doctor recommended he undergo a medically necessary surgical procedure. The procedure was scheduled for June 2019, and Alexander submitted a claim to UHC. UHC initially denied coverage of the procedure. Alexander made arrangements to pay for the procedure himself because it was medically necessary. The surgery went forward as scheduled, and Alexander was discharged from the hospital on June 22, 2019.

3.2. As part of the arrangements to move forward with the surgery and to pay for it, Houston Methodist Hospital required that Alexander sign an agreement that he did not have insurance coverage that would reimburse him for the procedure. Since UHC had denied coverage, and since the medical issue was potentially life-threatening, Alexander had little choice but to sign the agreement.

3.3. After the procedure was completed, Alexander continued working with UHC to get his claim accepted, and eventually UHC did accept Alexander's claim as medically necessary. UHC paid parts of Alexander's claim. However, UHC has refused to pay for the cost of the hospital room. At the time of the procedure, because UHC had denied coverage, Alexander was forced to sign an agreement that stated he did not have insurance coverage that would reimburse him for the procedure. Since Alexander had signed this document, the hospital would not release any other paperwork, and in August 2021, UHC refused payment for the room on that basis. In other words, UHC wrongfully denied Alexander's claim, then used the results of that wrongful denial as an excuse not to pay what UHC itself admits to be an otherwise valid claim.

3.4. Alexander has previously demanded payment of the balance.[1]

---

[1] *See* Exh 1 (demand letter).

3.5. All conditions precedent to recovery have occurred, have been performed, or will have occurred or been performed prior to trial.

### IV. Causes of Action

4.1. <u>Late Payment of Claims</u>. Alexander presented a valid claim to UHC for a medically necessary procedure. UHC has accepted the claim as medically necessary, they have investigated and requested information on the claim, yet they have refused to pay. UHC has refused to pay based on its unreasonable requirement that they be provided with paperwork that is unavailable to both UHC and Alexander. That paperwork is unavailable because of UHC's own actions in previously denying a valid claim for a medically necessary procedure. They are using the consequences of this wrongful denial as a pretense to refuse payment.

4.2. <u>Insurer's breach of duty of good faith and fair dealing</u>. Alexander asserts a claim against UHC for acting in bad faith in delaying and denying payment of his claim where liability is clear. UHC has acknowledged that the claim is valid. However, they have denied payment based on an agreement Alexander was forced to sign in response to UHC's previous denial of that very same valid claim. UHC is aware of these facts, yet continues to act in bad faith, requiring documents that are unavailable because of UHC's own prior actions.

4.3. <u>DTPA</u>. The above-described actions constitute false, misleading. and deceptive acts or practices by UHC under the Deceptive Trade Practices Act, Tex. Bus. & Com. Code § 17.01 et seq. ("<u>DTPA</u>"). These include violations of Tex. Bus. & Com. Code § 17.46(b)(5) and (7). UHC presented itself as providing insurance coverage for medically necessary procedures, when its services did not have the represented quality, characteristics, and benefits for Alexander. Alexander relied on UHC's representations that it would provide medical insurance for medically necessary procedures, and Alexander suffered damages as a result of UHC's misrepresentations

## V. Remedies

5.1. <u>Actual Damages</u>. Alexander seeks his actual damages in the amount of $5,960.00, calculated as the $7,450 he was charged for the room less the 20% deductible under his insurance policy with UHC.

5.2. <u>Mental Anguish</u>. Alexander seeks mental anguish fees under his DTPA claims for UHC's knowing and intentional violation of Tex. Ins. Code §541.

5.3. <u>Additional Damages</u>. Alexander seeks additional damages under Tex. Bus. & Com. Code § 17.50(b)(1), seeking treble damages for UHC's knowing and intentional violations of the DTPA.

5.4. <u>Attorney Fees</u>. Alexander seeks his attorney fees pursuant to Tex. Civ. Prac. & Rem. Code §38.001 et seq., Tex. Ins. Code §542.060, and Tex. Bus. & Com. Code § 17.50(d) incurred in prosecuting its late payment of claim and DTPA claims.

5.5. <u>Taxable Costs, Pre- and Post-Judgment Interest</u>. Alexander seeks his taxable costs pursuant to Rule 131. Alexander further seeks pre- and post-judgment interest at the highest rates allowed by law.

## VI. Jury Demand

6.1. Alexander hereby demands his right to trial by jury and is paying the jury fee contemporaneously with this demand.

### Prayer

Plaintiff Ryan Alexander prays for entry of a final judgment against Defendant United Healthcare Insurance Company, Inc., awarding actual damages in the amount of $5,960.00, mental anguish and additional damages, reasonable and necessary attorney fees, pre- and post-judgment interest, taxable costs, and for all other relief to which he is entitled.

Respectfully submitted,

PENNELL LAW FIRM PLLC
19 Briar Hollow Ln Ste 110
Houston, TX 77027
(713) 965-7568 (telephone)
(713) 583-9455 (fax)

By:  */s/ Kevin Pennell*
     Kevin Pennell
     TBN: 24046607
     kevin@pennellfirm.com

**ATTORNEY FOR PLAINTIFF**

PENNELL LAW FIRM, PLLC
19 BRIAR HOLLOW LANE, SUITE 110
HOUSTON, TEXAS 77027

PENNELL LAW FIRM, PLLC

Exh. 1

November 12, 2021

United Healthcare
P.O. Box 30555
Salt Lake City, UT 84130

*Via fax at (888)834-0691*
*Via U.S. Mail & CM/RRR*

    Policy Owner: James Alexander

    Insured:    Ryan Alexander

    ID No.:    861059069

To Whom It May Concern:

    I write on behalf of my client Ryan Alexander, insured under the above referenced policy. I hereby *formally demand* that United Healthcare honor the policy and pay my client the full benefits to which he is entitled.

    You have refused payment in the amount of $5,960, calculated as $7,450 less the 20% deductible, for Mr. Alexander's LeFort 1 Osteotomy with Bone Graft, Single Piece. Your refusal to pay is based on Mr. Alexander signing a document for Methodist Hospital, the medical facility that performed the procedure. This was a medically necessary procedure for which United Healthcare originally wrongfully denied coverage. Because it was necessary, Mr. Alexander was forced to agree to pay for the procedure himself. At the time of signing, he truthfully attested that he did not have insurance coverage that would reimburse him for the procedure. After Mr. Alexander signed the document, United Healthcare agreed the procedure was necessary and provided coverage, yet is refusing to cover the expenses of that coverage.

    In short, United Healthcare is using its own wrongful denial of coverage for a medically necessary procedure to justify not paying for it, manufacturing its own pretext for failing to pay a claim when its liability is reasonably clear, in violation of Texas law.

    Also, United Healthcare has submitted numerous advertisements and representations that it would honor a claim for medically necessary procedures. Those advertisements and representations are untrue statements of material facts and thus deceptive. In addition to violating its obligations under the Insurance Code, these acts constitute deceptive trade practices as follows:

- Advertising goods and services with intent not to sell them as advertised, in violation of Tex. Bus. & Com. Code § 17.46(b)(9);

Ltr to United Healthcare
November 12, 2021
Page 2

- Representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law, in violation of Tex. Bus. & Com. Code § 17.46(b)(12); and
- Failing to disclose information concerning services which was known at the time of the transaction if such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed, in violation of Tex. Bus. & Com. Code § 17.46(b)(24).

My client is entitled to the full value of his claim, $5,960. Your failure to honor this legitimate claim has caused my client to suffer mental anguish in addition to his out of pocket losses.

Accordingly, please be advised that, unless payment in full is made within 60 days, Ryan Alexander will file suit against you for, *inter alia*, the following claims:

- Breach of insurance contract;
- Breach of common law duty of good faith and fair dealing. *See, e.g., USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 488 (Tex. 2018);
- Late payment of claims. *See* Tex. Ins. Code §§ 542.051, -.055, -.056, -.057, -.060; *see also, e.g., Allstate Ins. v. Bonner*, 51 S.W.3d 289, 291 (Tex. 2001); and
- Deceptive insurance practices arising from United Healthcare's (i) misrepresentations concerning a material fact and/or policy provisions relating to coverage; (ii) not attempting in good faith to bring about a prompt, fair, and equitable settlement of a claim once United Healthcare's liability became reasonably clear; and (iii) failing to affirm or deny coverage or submitting a reservation of rights to a policyholder; and (iv) refusing to pay a claim without conducting a reasonable investigation. *See* Tex. Ins. Code §§ 541.060, -.152; and
- Deceptive trade practices. *See* Tex. Bus. & Com. Code § 17.46(b).

In addition to his lost policy benefits, Ryan Alexander will also seek to recover mental anguish damages and treble damages for United Healthcare's knowing and intentional violations of Texas law, along with attorney fees and costs of court.

This will be the last communication you receive from us prior to filing suit.

Sincerely,

Kevin Pennell